UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH A. STEWART,

    Petitioner,

-vs-                                                  Case No. 8:11-cv-44-T-27EAJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Unopposed Motion to Stay Further Action on Petitioner's 28 U.S.C. § 2254 Habeas Petition Pending Resolution of Successor Post-Conviction Motion Filed in State Court (Dkt. 65). Stewart, a Florida inmate under sentence of death, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (Dkt. 1). In his petition, Stewart asserts, among other things, that Florida's sentencing scheme is unconstitutional under *Ring v. Arizona*, 536 U.S. 584 (2002) (Dkt. 10., pp. 99-102). Since the filing of Stewart's petition, the U.S. Supreme Court, in *Hurst v. Florida*, 136 S. Ct. 616 (2016), held that allowing a judge to impose a sentence of death on facts found by the judge and not by the jury violates the Sixth Amendment and is contrary to *Ring*.

Stewart states that in light of *Hurst*, he recently filed a successive motion to vacate his sentence in state court. He contends that the motion will be granted, and the "State court will almost surely vacate his death sentence and order a new penalty phase," because his sentence became final after *Ring*, and the Florida Supreme Court has held that a defendant is entitled to the retroactive application of *Hurst* if his appeal became final after *Ring*. *See Mosley v. State*, 2016 WL 7406506 (Fla. Dec. 22, 2016). He therefore argues

that this case should be stayed under *Rhines v. Weber*, 544 U.S. 269 (2005), and in the interests of judicial economy.

Stewart has shown good cause to stay this action and hold it in abeyance while he pursues his *Hurst* claim in state court.[1] *See Rhines*, 544 U.S. at 275-79 (district court has discretion to employ a "stay-and-abeyance" procedure where (1) there was good cause for petitioner's failure to exhaust claims first in state court, (2) the unexhausted claims are not plainly meritless, and (3) there is no indication that petitioner engaged in intentionally dilatory litigation tactics). Moreover, efficient case management supports staying this action pending the resolution of Petitioner's successive state post-conviction motion, including the Florida Supreme Court's resolution of the impact of the *Hurst* decision.[2]

Accordingly, Stewart's motion (Dkt. 65) is **GRANTED**. This case is **STAYED** and held in abeyance pending final resolution of his successive state post-conviction motion based on *Hurst*. The **Clerk** is directed to **ADMINISTRATIVELY CLOSE** this case. Stewart is directed to file an appropriate motion when his state post-conviction motion is final.

**DONE and ORDERED** in Tampa, Florida on January 26th, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copy to: Counsel of Record

---

[1] *See, e.g., Kopsho v. State*, 2017 Fla. LEXIS 124 (Fla. Jan. 19, 2017) (finding that death sentence by a vote of ten to two was "*Hurst v. Florida* error" and not harmless, and remanding for new penalty phase).

[2] The Florida Supreme Court continues to address *Hurst*'s impact on Florida death sentences. *See Hurst v. State*, 202 So. 3d 40 (Fla. 2016) (holding that a jury must unanimously find each requirement for imposing a death sentence); *Asay v. Florida*, 2016 WL 7406538 (Fla. Dec. 22 2016) (holding that a defendant is not entitled to the retroactive application of *Hurst* if his appeal became final before *Ring*); *Mosley*; and *Lambrix v. State*, SC16-56 (February 2, 2016).